PABLO MALAVÉ, Plaintiff and Appellee, v. JULIO MALAVÉ, Defendant and Appellant.

No. 8572. Argued December 17, 1942.—Decided February 2, 1943.

*F. González Fagundo* for appellant. *Pedro Pérez Pimentel* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

This is an action of revendication of a rural property situated in the ward of La Teja, municipal district of Las Piedras with an area of 41.87 acres bounded on the north and east by Juan Malavé, on the south by Las Piedras River and on the west by Vicente Malavé and Cruz Delgado Soto. The plaintiff alleged that said property is worth $625; that it is the remaining portion, after two segregations were made from a property of 106.25 acres, which was formed by a consolidation of two properties of 58 and 48.25 acres which he acquired by purchase from Juan Merced Malavé and his wife Higinia Monserrate by deed of July 16, 1934, before Notary Rafael S. Vidal, said consolidation having taken place by deed No. 58 of August 15, 1938, before Notary Pedro Pérez Pimentel; that the defendant is in possession thereof

against plaintiff's will and has refused to vacate the same, notwithstanding the demands made upon him therefor.

Defendant admitted in his answer that the plaintiff acquired both properties of 58 and of 48.25 acres respectively in the manner alleged in the complaint; he also admitted the consolidation made and that the property of 41.87 acres claimed by the plaintiff is the remaining portion of a property having 106.25 acres after the segregations were made. However, he denied that the property claimed was worth $625, that the defendant was in possession thereof without just title against plaintiff's will and that demands had been made upon him to deliver the same which he had refused, and as a matter of defense he alleged: that he is owner of a property of 38.75 acres, which he acquired by purchase from Juan Merced Malavé and his wife by deed No. 39 of June 10, 1937, before Notary Francisco González, Jr., recorded on folio 150 of volume 35 of Las Piedras, property No. 1312, second inscription; that said property of 38.75 acres is the remaining portion of another property of 68.75 acres which he describes and which belonged to Juan Merced Malavé, who recorded his ownership of the same at folio 148 of volume 35 of Las Piedras, property No. 1312 by virtue of a dominion title proceeding approved by the District Court of Humacao on June 17, 1936, and he further sets forth:

"The defendant alleges that this property of 38.75 acres, which is the remaining portion of the above-mentioned property No. 1312, is not and never has been a part of the property of 106.28 acres which is described in the second count of the complaint, and he likewise alleges that since he acquired said property of 38.75 acres in the manner above indicated he has been in material possession thereof, in good faith, with just title and uninterruptedly, and *he further alleges that if said property of 38.75 acres has any relation to the property of 41.87 acres, the defendant has been in possession of the same in good faith and with just title from the time he acquired*

*it and that the person who conveyed ownership thereof to him also held the same in just title, duly recorded and held possession publicly and peaceably.''* (Italics ours.)

Furthermore, the defendant interposed a demurrer alleging that the facts were insufficient to constitute a cause of action; but this defense, which undoubtedly lacks merit, seems to have been abandoned, inasmuch as it was not discussed in the lower court and was not mentioned in the brief of the defendant=appellant.

The case was called for trial at which the plaintiff offered evidence tending to support the allegations of his complaint. When it was defendant's turn to adduce his evidence, he offered: (*a*) a certificate from the clerk of the District Court of Humacao certifying the final order rendered by the court in the dominion title proceeding of the property of 68.75 acres instituted by Juan Merced Malavé in his favor; (*b*) deed No. 39 executed by Juan Merced Malavé in favor of the defendant by virtue of which the former sold to the latter the 38.75 acres which he alleges he possesses; (*c*) five receipts from the Treasury Department certifying that the defendant Julio Malavé pays taxes on the property of 38.75 acres. Said evidence was objected to and rejected on the ground of irrelevancy and the defendant excepted. Thereupon the latter was called to the witness stand. We quote from his testimony, thus:

"Q. Is it from you that the property of 41 acres is being claimed? —A. Yes, sir.—Q. Are you in possession of said property of 41 acres or any property relating to it?—A. No sir, I have one of my own.— Q. How many acres does that property have?—Plantiff: As to that property, we object.—A. A property of 37.75 acres.—Judge: Does the testimony of the witness refer to the property that has been the subject matter of previous resolutions?—Defendant: Yes, sir.— Judge: Then, the court sustains the objection because it deals with a property contrary and different from the one alleged in the complaint.—Defendant: *And we allege that that property of 38.75 acres*

*is the only property which he owns and if that is the property which is being claimed in the complaint,* he acquired the same by virtue of a just title in accordance with the documents which have been offered.—Judge: Very well, if it appears from the evidence introduced that it is a different property from the one alleged in the complaint, the court believes that the evidence is inadmissible in that particular,—Defendant: We take an exception to the decision of the court, and we submit our case." (Tr. of Ev., pp. 30–32.) (Italics ours.)

The appeal is based on the failure of the trial court to admit the documentary evidence offered by the defendant, in sustaining the objection of the plaintiff to the testimony of the defendant as to the property of 38.75 acres, and lastly in that the court imposed costs on the defendant, including $75 for attorney's fees.

As we have already seen at the trial, the defendant contended, through his counsel, that the property of 38.75 acres was the only property owned by him. On the other hand, the plaintiff, in his complaint as well as in his testimony, maintained at the trial that the defendant is in possession of plaintiff's property. Since the defendant maintains that he only owns one property, which is that of 38.75 acres, and since the plaintiff insists that the defendant is in possession of the property which he claims, it seems evident that the property claimed by the plaintiff and the property owned by the defendant is the same. But the plaintiff alleges that said property is part of the one measuring 106.25 acres abovementioned, and consequently that it belonged to him, while the defendant contends that the property that he owns is the remaining portion of another of 67.75 acres which belonged to Juan Merced Malavé, which remaining portion the defendant acquired by just title. Limiting the controversy to these points, the question remaining to be decided is whether the parcel of land the ownership of which is claimed by both parties is the remaining portion of the property of a 106.25

acres, as plaintiff maintains, or if it is a part of that of 68.75 acres, as alleged by the defendant. Since this is the question to be decided, any evidence offered by either party, not inadmissible on other grounds, is admissible, if it tends to support his contention or to destroy that of the adverse party. And since the documentary evidence offered by the defendant, as well as his own testimony, tends to establish his contention and such evidence is not inadmissible on any other ground, we think that the refusal to admit the same was error prejudicial to his substantial rights. However, it seems advisable to remark herein that although the documentary evidence tends to establish that the properties are different according to the registry; the actual facts seem to be that it is the same property, and that whether of 106.25 or of 60.75 acres, it only exists in the records of the registry but not in reality. And this possibility is further substantiated if one considers the fact that the plaintiff, as well as the defendant, derives his title immediately from their father, Juan Merced Malavé, who, in turn, after having sold to the plaintiff both properties which formed the one of 106.25 acres, bought from the latter a parcel of land from the ones consolidated, with an area of 61 acres, and this acquisition took place before Juan Merced Malavé instituted the dominion title proceeding of said property of 68.75 acres. In view of all these circumstances and considering that the judgment should be reversed by reason of the error discussed, we are of the opinion that a new trial, where the parties may have an opportunity to adduce all the evidence necessary to clear the situation, would be wholesome and would guarantee the fair and just decision of the question in controversy.

For the reasons stated, the appeal must be sustained and the judgment appealed from reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.